UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR ALEX RUVALCABA,<br><br>  Petitioner,<br><br>  v.<br><br>BRENDA M. CASH, Warden,<br><br>  Respondent. | Case No.: 1:11-cv-01142-AWI-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION FOR AN ORDER REQUIRING THE PRISON LAW LIBRARY TO PROVIDE ACCESS TO LEXUS NEXUS AND WESTLAW CASES (Doc. 21)<br><br>ORDER REQUIRING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on June 30, 2011. (Doc. 1). Respondent filed an answer on November 18, 2011 and an amended answer on December 7, 2011. (Docs. 18 & 19). On December 14, 2011, Petitioner filed this motion for an order from this Court to permit him access to current Lexus Nexus and Westlaw cases in order to prepare his Traverse. (doc. 21). On January 10, 2012, without benefit of a ruling on his motion, Petitioner filed his Traverse, consisting, inter alia, of seventeen pages of legal argument. (Doc. 25). On January 13, 2012, Petitioner filed a request for judicial notice regarding a 2007 Ninth Circuit case. (Doc. 26). For the reasons set forth below, the Court recommends that Petitioner's request for injunctive relief be denied.

# DISCUSSION

A. <u>The Requirements For Injunctive Relief Have Not Been Satisfied</u>.

Rule 65(b) of the Federal Rules of Civil Procedure allows the Court to issue a temporary restraining order.  The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the Court to intervene to secure the positions until the merits of the action are ultimately determined.  <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981).   The general legal principles applicable to a request for preliminary injunctive relief are well established.  To prevail, the moving party must show either  (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in the moving party's favor, and at least a fair chance of success on the merits.  <u>Owner Operator Indep. Drivers Ass'n., Inc. v. Swift Transp. Co., Inc</u>., 367 F.3d 1108, 1111 (9th Cir. 2004).  These two formulations represent two points on a sliding scale, on which the required degree of irreparable injury increases as the probability of success decreases. <u>Id</u>.; <u>Oakland Tribune,Inc. v. Chronicle Publishing Company, Inc</u>., 762 F.2d 1374, 1376 (9th Cir. 1985). "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." <u>Oakland Tribune, Inc</u>., 762 F.2d at 1376.  Speculative injury does not constitute irreparable harm.  <u>Goldies' Bookstore, Inc. v. Superior Court of the State of California</u>, 739 F.2d 466, 472 (9th Cir. 1984).   In the absence of a significant showing of irreparability, the court need not reach the issue of likelihood of success on the merits.  <u>Id</u>.  Moreover, "[j]udicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." <u>Goff v. Harper</u>, 60 F.3d 518, 519 (8th Cir. 1995).  Here, Petitioner has failed to show irreparable harm.

Petitioner claims that he is being deprived of adequate library access and therefore will suffer a denial of access to the courts.  Specifically, Petitioner contends that the prison law library is inadequate because it lacks current case law from the federal courts.  (Doc. 21, p. 1).  Petitioner argues that he is "unable to fight [my] appeal effective [sic] without current case law from the Ninth Circuit Court and from the District Court."  (<u>Id</u>.).  Petitioner contends that the prison law library "computers are outdated, cannot access case law due to the disk wasn't ordered, or because theres

1 [sic] no money." Petitioner seeks an order from this Court requiring the law library to give
2 Petitioner's jailhouse lawyer access to "unpublished Lexus Nexis [sic] and current RULING from the
3 Ninth Circuit Court of Appeals, and from the U.S. District Court from Central, Southern, Northern
4 and Eastern District Court." (Id. at p. 2). Alternatively, Petitioner requests appointment of counsel.
5 (Id.).

6 A prisoner alleging an access-to-the-courts violation must demonstrate that he has suffered or
7 will imminently suffer actual injury. Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 2179 (1996).
8 "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library
9 or legal assistance program is sub-par in some theoretical sense." Id. at 2180. The inmate must show
10 that the library or its lack of resources "hindered his efforts to pursue a legal claim." Id. To satisfy
11 the actual-injury requirement, an inmate must "demonstrate that a non-frivolous legal claim had been
12 frustrated or was being impeded." Id. at 2181. Furthermore, "the injury requirement is not satisfied
13 by just any type of frustrated legal claim," but rather, the legal claim which was allegedly interfered
14 with must involve either an inmate's attempt to attack his sentence or an action to challenge the
15 conditions of his confinement. Id. at 2181-82. The Ninth Circuit has interpreted this to mean that the
16 right extends only through the pleading stage, and is not a right to successfully litigate the matter
17 through resolution. See Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995).

18 Petitioner has failed to demonstrate that he suffers actual injury as a result the library policies
19 and resources of which he complains. Although Petitioner contends that he requires current
20 "unpublished" decisions from the district courts in California and current Ninth Circuit cases, such
21 generalized allegations fail to demonstrate imminent or actual injury, as required by Lewis v. Casey.
22 Moreover, the use of unpublished decisions is extremely limited and, of course, they have no
23 precedential value, thus minimizing their utility in these proceedings. Finally, Petitioner has
24 successfully filed a lengthy Traverse that addresses the legal issues in this case. The Court's
25 preliminary review of that Traverse does not suggest that Petitioner was impeded in arguing his
26 claims due to a lack of legal resources. In an ideal world, state prisoners would have access to the
27 most current legal research technologies available to prepare their cases. However, this is not an
28 ideal world and the U.S. Constitution does not require that petitioners have the most current resources

available to them.  It appears that the resources now available to Petitioner are constitutionally sufficient.

       B.  <u>The Court Lacks Habeas Jurisdiction To Consider Conditions of Confinement</u>.

Additionally, the Court lacks jurisdiction, within the framework of a habeas corpus proceeding, to grant the relief Petitioner requests.  A federal court is a court of limited jurisdiction.  As a threshold and preliminary matter, the Court must have before it for consideration a "case" or "controversy."  <u>Flast v. Cohen</u>, 392 U.S. 83, 88 (1968).   Absent such a case or controversy, the Court has no power to hear the matter.  <u>Rivera v. Freeman</u>, 469 F.2d 1159, 1162-1163 (9th Cir. 1972).

Petitioner is confined in the California Department of Corrections pursuant to a 2007 conviction in the Fresno County Superior Court for, inter alia, attempted murder and shooting at an inhabited building.  (Doc. 1, p. 1).  Petitioner was sentenced to an indeterminate term of forty years to life.  (<u>Id</u>.).  The Court's habeas jurisdiction was invoked and is delimited by the petition. Thus, the "case" or "controversy" over which this Court now has habeas jurisdiction is framed by the allegations in the petitioner, i.e., whether the trial court erred in failing to instruct the jury on a lesser included offense of voluntary manslaughter, whether the evidence was insufficient to support the jury's finding that Petitioner committed murder, and whether trial and appellate counsel provided ineffective assistance.

Significantly, the instant Petition does not concern allegations regarding law library resources. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985)(Emphasis supplied).  "[T]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." <u>Lebron v. Armstrong</u>, 289 F.Supp.2d 56, 61 (D.Conn. 2003).  Preliminary injunctive relief is designed to preserve the status quo regarding the substance of the case; it is not available for the purpose of ensuring that Petitioner can effectively or efficiently litigate his case.

Since the petition does not contain allegations raising issues similar to those presented in Petitioner's motion, there is no controversy present with respect to the issues in Petitioner's motion to

which the Court's habeas jurisdiction would extend, nor would the issuance of the order sought by Petitioner in his motion provide relief as to any of the claims contained in his petition. Accordingly, the Court lacks jurisdiction to issue such an order. As Petitioner's motion seeks to redress an injury unrelated to the underlying action, the preliminary injunction must be denied.

Petitioner's concerns are more properly addressed in a claim raised pursuant to 42 U.S.C. § 1983. A habeas corpus action is the proper mechanism for a prisoner to challenge the fact or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1991); Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir. 1979); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983, where the defendants are state actors, or an action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), where the defendants are federal actors, is the proper method for a prisoner to seek monetary or injunctive relief based on a challenge to the conditions of that confinement. See McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); Badea, 931 F.2d at 574; Tucker, 925 F.2d at 332.

By his motion, Petitioner seeks injunctive relief with respect to conditions of confinement (i.e., sufficiency of the law library's research resources); the motion does not seek release based on a challenge to the fact or duration of confinement. Thus, the appropriate vehicle for such a claim is an action pursuant to 42 U.S.C. §1983.[1]

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Petitioner's motion for an order requiring the prison law library to provide him with current cases and research materials (Doc. 21), be DENIED.

---

[1] To the extent that Petitioner's motion seeks appointment of counsel in the alternative, the Court denies that motion.**Error! Main Document Only.**  There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984). However, Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. In the present case, the Court does not find that the interests of justice require the appointment of counsel at this time. Should circumstances change significantly, the Court will revisit the issue.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 19, 2012**                              /s/ Jennifer L. Thurston
                                                          UNITED STATES MAGISTRATE JUDGE